UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

IN RE: J D MARINE LOGISTICS LLC   CIVIL ACTION NO. 6:19-CV-01582

VERSUS                                         JUDGE JUNEAU

                                                        MAGISTRATE JUDGE HANNA

**<u>REVISED ORDER RESTRAINING PROSECUTION OF CLAIMS</u>**

Based on the principles explained in this Court's opinion in *In re Deloach Marine Servs. LLC*, 408 F. Supp. 3d 786 (W.D. La. 2019), the fifth paragraph of this Court's order of December 17, 2019 [Rec. Doc. 3] is revised as follows:

For purposes of this Order, the following terms have the following meanings:

    a. "**Vessel owner**" means JD Marine Logistics LLC.

    b. "**Accident**" means the incident and resultant injuries allegedly occurring aboard the M/V CHRIS D. on December 12, 2018 when Philip Thibodeaux was pumping out the bilge.

    c. "**Parties**" means Philip Thibodeaux, DLS LLC, the **vessel owner**, and all parties to the state court action in St. Mary Parish entitled *Philip Thibodeaux v. DLS, L.L.C. and JD Marine Logistics LLC*, No. 133766.

In accord with Rule F(3) of the Federal Rules for Admiralty and Maritime Claims, all persons and entities are enjoined and prohibited from instituting or prosecuting any proceeding seeking to enforce any judgment against the **vessel owner** or its property in connection with the **accident** or otherwise seeking to enforce any judgment or to seize any property of the **vessel owner** in connection with the **accident**.

The **parties** are allowed to proceed with discovery, pretrial matters, and trial on the merits in the matter filed in St. Mary Parish entitled *Philip Thibodeaux v. DLS, L.L.C. and JD Marine Logistics LLC,* No. 133766. In all other respects, all other actions and proceedings of any kind are stayed in all respects.

The **vessel owner** is entitled to and have the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. § 30501, *et seq.*, in this Court, but claimants have the right to deny and contest in this Court all assertions and allegations made by the **vessel owner** in its Complaint for Limitation of Liability.

No claimant shall seek in the action in St. Mary Parish or in any other action in federal or state court, any judgment or ruling on the issue of the **vessel owner's** right to exoneration of or limitation of liability; and no claim of res judicata relevant to the issue of limitation of liability shall apply with regard to any judgment that may be rendered in any other action.

No defense of issue preclusion shall apply with respect to the issues of the **vessel owner's** privity or knowledge based on any ruling, decision, or judgment in any other state or federal court. However, claimants are entitled to any defense that the **vessel owner's** limitation action is untimely, which any such issue would be resolved in this Court.

No claimant shall seek to enforce any judgment or recovery in any amount until after the adjudication of the Complaints of Limitation of Liability in this Court. This Court has exclusive jurisdiction over the proper value of the limitation fund.

It is the specific intent of this Order that the tension between the Limitation of Liability Act (46 U.S.C. § 30501 *et seq*.) and the "saving to suitors" clause (28 U.S.C. § 1333) be minimized as much as possible while at all times, as the paramount concern, fully protecting the **vessel owner's** rights to seek exoneration or limitation of liability in this Court.

It is further the intent of this Order that the **vessel owner** be afforded at a minimum at least those protections approved by the United States Court of Appeals for the Fifth Circuit were a stipulation executed by all claimants. *See In re Two R Drilling Co., Inc.*, 943 F.2d 576 (5th Cir. 1991).

**THUS DONE AND SIGNED** in Lafayette, Louisiana, on this 9th day of June, 2020.

_____
MICHAEL J. JUNEAU
UNITED STATES DISTRICT JUDGE